EASTERN DIS.
June, 1834

JOUBLANC
vs.
DAUNOY.

The heir who is present is subrogated to the rights of those absent, and whose existence is not known and is entitled to receive the whole succession.

The correctness of the judgment of the Court of Probates cannot be questioned in the District Court.

The attorney of the absent heirs is the proper person to represent them in all cases where they are interested, even after the executor or curator of the estate is discharged.

---

GL 656
49  995
6   656
114  32

## JOUBLANC vs. DAUNOY.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a person contracts with a workman to build several houses for a certain price payable at fixed periods, and discharges him before the completion of the edifices, and it is in proof the work was well executed, the latter will recover the full amount of his work and labor done as on a *quantum meruit.*

The plaintiff sues to recover three thousand seven hundred dollars from the defendant which he alleges is the balance due him of the price of building three houses for her, in pursuance of an agreement between them. The plaintiff alleges

that he contracted with Miss Daunoy to build her three
houses in the city of New-Orleans, for the sum of nine thou-
sand and seventy-five dollars; that he went on to perform
faithfully his work until near the close, when he was ill-
treated and discharged by the defendant; that the work
which he actually done on said houses amounts to nine thou-
sand dollars, of which sum five thousand three hundred dollars
has been paid to him, leaving a balance of three thousand
seven hundred dollars unpaid, which the defendant refuses to
pay and for which he prays judgment.

The defendant pleads a general denial; admits she em-
ployed the plaintiff to build her houses according to certain
written contracts annexed; one made on the 8th of April
1833, for the building of two houses, &c. for two thousand
five hundred dollars each; and the other the 29th of August
for the construction of a house and out-buildings for three
thousand seven hundred and fifty dollars. She charges that
the plaintiff done said work so negligently, unskillfully and
in such an unworkmanlike manner, that she was compelled
to employ other workmen to complete the work, and that
she has sustained an actual damage in the delay and expense
of paying other workmen to finish the houses, &c. to the
amount, over and above what the plaintiff done and received,
three thousand and fifty dollars, for which she prays judgment
in reconvention.

The district judge was of opinion from the evidence, that
the plaintiff was prevented by the defendant from completing
the work. She repeatedly harrassed the plaintiff with threats
and finally told him in the presence of his workmen to quit
the work, and speaking to the workmen, she told them to
quit working on her buildings, that she would not pay them.
The workmen all ceased to work in consequence thereof.

The plaintiff is a man of color, and the defendant's nephew
acted as her agent, between whom and the workmen there
appears to have been no difficulty, but the defendant inter-
fered and countermanded his orders. It was in proof that
she invited the plaintiff to return and complete the contract

but he refused. In relation to the workmanship and mate-
rials it was proved to be well done and of good materials.

There were two sets of experts called on to estimate the
value of the work done, from whose different estimates the
district judge was of opinion there was a balance due the
plaintiff of two thousand five hundred dollars, and gave
judgment accordingly.

The defendant appealed.

The plaintiff in his answer joined in the appeal and
claimed the amount as prayed for in his original petition.

*Canon*, for the plaintiff and appellee.

The proprietor may cancel at pleasure the contract with
an undertaker to build; but in doing so the contract is dis-
solved in all its parts, and the latter can recover the full
amount of his work and labor done by other evidence
than that of the written contract. *La. Code* 2736. *2 La.
Rep.* 331.

*Roselius*, for the defendant.

1. The District Court erred in its judgment, because the
contracts were not cancelled by the defendant, but were
violated by the plaintiff.

2. Even if the plaintiff was dismissed by the defendant
the amount allowed him is exorbitant and not supported by
the evidence. The contract, though not conclusive evi-
dence, yet it affords strong proof of the real value of the
work. *2 La. Rep.* 331. *5 ib.* 260.

3. At all events the plaintiff is not entitled to receive
more than was allowed in the estimate of one of the ex-
perts amounting to one thousand four hundred dollars.

MATHEWS, J., delivered the opinion of the court.

This is a suit to recover from the defendant the value of
certain labor done and materials furnished in building
several houses, which the plaintiff undertook to construct
and finish for prices fixed by contracts which are alleged to

have been violated by the defendant in forbiding the undertaker to proceed to complete the works agreed on, after he progressed in the undertaking nearly to its completion, &c. The court below gave judgment for the plaintiff, from which the defendant appealed.

The decision of the cause depends mainly on matters of fact. The evidence is somewhat contradictory, as generally happens in cases of this kind.

The court below concluded from the whole testimony, giving to each part such right as was considered reasonable, that the contract had been violated by the conduct of the defendant, and was no longer binding on the parties, and that the plaintiff was consequently entitled to recover as on a *quantum meruit* the value of the work by him actually done and the costs of materials furnished. By a calculation in pursuance of these premises the sum due by the appellant was ascertained and judgment accordingly rendered. We have examined the testimony and the law of the case, and are unable to discover any error either in the principles assumed or the conclusions of the court below.

It is therefore ordered, &c. that the judgment of the District Court be affirmed with costs.

*Eastern Dis.*
*June, 1834.*

Where a person contracts with a workman to build several houses for a certain price payable at fixed periods, and discharges him before the completion of the edifices, and it is in proof the work was well executed, the latter will recover the full amount of his work and labor done as on a *quantum meruit.*