STEWART'S
CURATOR
*vs.*
ROW.

STEWART'S CURATOR *vs.* ROW.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE
JUDGE OF THE EIGHTH PRESIDING.

Where a person died in one parish, and a curator was appointed in another, and his capacity or authority to sue is denied : *Held*, that whether the Probate Court of A or that of B had authority to appoint a curator, depends on facts which may not be known to the District Court, and which it could not inquire into collaterally and incidentally.

Where a will has been proved in the Court of Probates by a competent number of witnesses, and its execution is not ordered by a decree of that court, it cannot have any effect.

A testament is without effect until it has been duly proved and its execution ordered.

If the testator has failed to name an executor, the judge must *ex officio* appoint a *dative* testamentary executor, and the will ordered to be executed.

If from any cause the court should be of opinion that the jury were misled as to the effect of a document which is part of the evidence, the case will be remanded for a new trial.

This is an action by the curator of the succession of Dudley B. Stewart, to recover from the defendant nine or ten slaves in his possession.

The plaintiff alleges that Stewart intermarried in the state of Mississippi, and that he received these slaves in right of his wife, as in that state slaves are personal property, and by the laws there, the husband becomes possessed, and is owner of the personal property of his wife. He also sets up title to the slaves in question, under a paper purporting to be the will of Mrs. Stewart, in which she bequeathed them to her husband.

The defendant denied the right of the curator to sue, because he was not appointed by the Probate Court of the parish where the succession of Stewart was opened. Further,

that Stewart never was the owner of the slaves, either by marriage in Mississippi, or by any other title.

The evidence and facts of the case are set forth in the opinion of the court.

The plaintiff had a verdict and judgment for the slaves, from which the defendant appealed.

*Andrews* and *Bradford*, for the plaintiff, contended, that the verdict of the jury was supported by the evidence, and the judgment should, therefore, be affirmed.

2. The verdict of a jury will not be set aside without clear and legal cause, which show that it is manifestly erroneous. 6 *Louisiana Reports*, 601, 7 *Ibid* 71, 8 *Ibid* 514.

3. The objections made to the appointment of the curator cannot avail in this case. The nullity contended for is not absolute, and can only be taken advantage of by the heirs, and that, too, in the Probate Court. 3 *Martin, N. S.,* 453. 4 *Louisiana Reports,* 271.

*Turner* and *Boyle, contra.*

1. The verdict is clearly erroneous. There is no legal proof that Mrs. Stewart, by whom the husband is said to have become the owner of the slaves in question, was herself ever the true owner.

2. There is a total want of right in the plaintiff to recover, for Stewart, in his lifetime, had no title to these slaves.

3. The will, under which he claims, is a nullity, having never been admitted to probate and ordered to be executed. There should be judgment for the defendant.

*Bullard J.,* delivered the opinion of the court.

The plaintiff sues, as curator of the vacant estate of one Stewart, to recover certain slaves in possession of the defendant. The deceased is alleged to have become the owner of the slaves by his marriage with his late wife, in the state of Mississippi, in which state the parties admit that slaves are considered as chattels ; and that the personal property of the wife at the time of the marriage, becomes the property of the

EASTERN DIST.
*February*, 1837.

STEWART'S
CURATOR
*vs.*
ROW.

EASTERN DIST.
*February*, 1837.

STEWART'S
CURATOR
*vs.*
BOW.

husband. He further asserts title to them under the last will of Mrs. Stewart.

The defendant, besides denying the title of the plaintiff's intestate, pleads that the letters of curatorship, under which he is proceeding, are null and void, having been granted by a court without jurisdiction, to wit : by the Probate Court for the parish of West Feliciana, whereas Stewart died, and his succession was opened in the parish of Avoyelles. We are of opinion that the District Court correctly overruled this exception. Whether the Probate Court of the parish of Avoyelles, or that of West Feliciana, had authority to appoint a curator to the estate of Stewart, depends upon facts which may not be known to the District Court, and into which it could not enquire collatterally and incidentally. The curatorship was conferred by a Court of Probate ; and, although an appellate court might be of opinion, under the circumstances of the case, it belonged rather to the court of Avoyelles than to that of West Feliciana to make that appointment ; yet the District Court is without authority to enquire into the facts, upon which the rightful exercise of jurisdiction depended. In relation to the subject matter, the Probate Court had jurisdiction. Whether it erred in this particular case, the District Court was not competent to enquire, and the Supreme Court is now called on to examine only the proceedings in the latter, and not those of the Court of Probates.

Where a person died in one parish, and a curator was appointed in another, and his capacity or authority to sue is denied : *Held*, that whether the Probate Court of A or that of B, had authority to appoint a curator, depends on facts which may not be known to the District Court, and which it could not inquire into collaterally and incidentally.

The case was tried by a jury, who found a verdict in favor of the plaintiff; and their verdict would not be disturbed by us, unless we were satisfied that they had been misled in point of law.

The evidence in the record does not render it very clear that Stewart, during his marriage with his deceased wife, possessed the slaves in question, within the limits of the state of Mississippi ; and we are, consequently, authorized to presume that the jury gave effect to the alleged will of Mrs. Stewart, as the title upon which the plaintiff was entitled to recover. A paper was read in evidence, without objection in the first instance, purporting to be the last will of Mrs.

Where a will has been proved in the Court of Probates, by a competent number of witnesses, and its execution is not ordered by a decree of that court, it cannot have any effect.

EASTERN DIST.
February, 1837.

STEWART'S
CURATOR
vs.
ROW.

Stewart, by private act, attested by three subscribing witnesses, together with a copy of the testimony of those witnesses, in the Court of Probates, to prove the will, but without any decree or order of that court directing its execution. Before the trial closed, the defendant's counsel prayed the court to instruct the jury that they must reject or disregard the will, on the ground that it did not appear, from the will itself or the probate, that it had been dictated by the testatrix, or that there was a sufficient number of witnesses. The judge refused to give this charge, and we are not prepared to say, that, on the grounds assumed, he was wrong; but we think that for other reasons, equally apparent, he was bound to instruct the jury, that they ought not to give any effect to the will of Mary Stewart, until its execution had been ordered by the Court of Probates. From the silence of the judge on that subject, the jury may have inferred that they were to regard the papers before them as a testament and evidence of title in the plaintiff's intestate. It is clear that a testament is without effect until it has been duly proved, and its execution ordered by competent authority. *Louisiana Code,* 1637. The Code of Practice, (article 192,) requires that *procès verbal* of the probate of a will shall contain four things : 1st, the manner in which the opening and proof were made ; 2d, the names of the witnesses, and the manner in which they made their declarations ; 3d, the reading the will to the witnesses and other persons present, and 4th, the order for executing and recording the will, &c. In the present case no such order was given, and it does not appear that the Probate Court was satisfied of the legal validity of the will. It has been urged that an order to execute the will was unnecessary, as the testatrix had not named a testamentary executor. Such a case is provided for by the 1671st article of the Louisiana Code, which declares, that when the testator has omitted to name an executor, or the person named declines the trust, the judge shall appoint one *ex officio*, who is styled a dative testamentary executor.

A testament is without any effect until it has been duly proved, and its execution ordered.

If the testator has failed to name an executor, the judge must, *ex officio*, appoint a *dative* testamentary executor, and the will ordered to be executed.

EASTERN DIST.    Believing, as we do, that the jury may have been led into
February, 1837.  error, in relation to the validity of the testament of Mary
LEE'S HEIRS      Stewart, and that by sanctioning their verdict, we might give
_vs._            effect to it contrary to law, we think justice requires that the
BURKE.
If from any      case should be remanded for a new trial.
cause the court
should be of
opinion that the     It is, therefore, ordered, adjudged and decreed, that the
jury were mis-
led, as to the   judgment of the District Court be avoided and reversed, the
effect of a docu-
ment which is    verdict set aside, and that the case be remanded for a new
part of the evi-
dence, the case  trial, and that the costs of the appeal be paid by the appellee.
will be remand-
ed for a new trial.