ROBERT G. LECKIE, Tutor of Charles O. Scott, a Minor, *v.* JOHN M. FENNER, Tutor of the Minor Heirs of William Frantum, deceased, and others.

Where a tutor, appointed by a Probate Court, sues before a District Court, the latter cannot inquire into the legality of the judgment of the former appointing him tutor. *Per Curiam*: The correctness of the judgment of the Probate Court cannot be questioned in the District Court, where it must have its effect, until set aside in some of the modes prescribed by law.

APPEAL from the District Court of Ouachita, *Willson*, J.

GARLAND, J. This suit is instituted to recover the title and possession of a large tract of land on the Ouachita river, which the tutor alleges belongs to his ward, by virtue of a purchase made by his deceased father, Robert C. Scott, at a sheriff's sale, made on or about the 19th of September, 1825, under an execution in the name of Daniel W. Coxe against the heirs and representatives of Daniel Wade deceased, of which land it is alleged that the defendants have taken possession.

The defendants filed various exceptions; among others, that Robert G. Leckie was not tutor, which issue, it appears, was tried alone, either by consent, or under some rule of practice peculiar to the court which entertained it, when it was proved that Robert C. Scott, the father of the minor, and his mother, both died in the parish of Ouachita, where they had resided several years previously, and where their succession was opened. Robert G. Leckie, the maternal grand-father, has, for many years, resided in the parish of Rapides, and was by the Court of Probates of that parish appointed tutor of the minor, on or about

the 26th day of October, 1835, no tutor appearing to have been appointed in Ouachita. Upon this issue and evidence, the court below dismissed the suit, as in case of non-suit; from which judgment the plaintiff has appealed.

The judge has not given us any of the reasons which induced him to dismiss the suit; but the counsel on both sides agree, that it was because he (the judge) thought the appointment of the tutor was illegal and null. In this, we think, the judge erred. We shall not undertake to decide whether the appointment of the tutor was legal or not; but if it were illegal, the District Court of the parish of Ouachita had no power or authority to inquire into it. As a general rule, one inferior tribunal has no power to pass upon the decrees or judgments of another, unless they have some appellate power; therefore, it was said in the 6 La. 656, that "the correctness of the judgment of the Court of Probates cannot be questioned in the District Court." In 3 Robinson, 130, it was held, that the jurisdiction of the Court of Probates cannot be inquired into collaterally, and that letters of executorship were conclusive evidence of what they purport to establish, until they have been annulled. The general rule to which we have alluded, like all others, may have exceptions; but the case before us is not one of them. The Probate Court of the parish of Rapides has jurisdiction, *ratione materiæ*, to appoint tutors to minors, and has exercised its authority in relation to the minors whose interests are involved in this case, whether correctly or not, depends upon the circumstances and facts under and upon which it acted; and as its action has not been directly questioned, we must presume it did what was legal and right, until the contrary appears. The case of *Stewart's Curator* v. *Row*, 10 La. 530, it appears to us, covers this; and we are of opinion, that the appointment of Robert G. Leckie as tutor, must have its effect, until set aside in some of the modes prescribed by law.

The counsel for the defendants has asked us to decide upon one other exception taken by him; but, as the court below does not appear to have acted on it, we cannot, as there is no opinion to revise.

It is, therefore, ordered and decreed, that the judgment of the

District Court be annulled and reversed, and that this case be remanded to it, to be proceeded in according to law; the defendants paying the costs of this appeal.

*Baker,* for the appellant, cited 3 Mart. N. S. 453. 6 La. 656. 10 La. 530. 3 Robinson, 130.

*S. W. Downs,* for the defendants, cited Code of Pract. art. 608. 3 La. 245. 6 La. 377, 656. 11 Ib. 108.