## LEO TARLETON v. M. S. BRINGIER & Co.

Where a commission had been obtained to procure the evidence of a witness, and on a rule taken on the opposite party to show cause why the depositions should not be read on the trial of the case, the objection was made that they were not signed by the deponent, and this objection was sustained by the court—*Held:* That in the absence of any neglect attributable to the party taking out the commission, he was entitled to a new commission, and to a continuance of the cause in the meantime.

The object of taking a rule to show cause why testimony taken by commission should not be read on the trial, is to enable the party, in case of irregularity or informality, not attributable to himself, to remedy the defect before trial.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Hays & Adams*, for plaintiff. *N. B. Trist*, for defendants and appellants.

VOORHIES, J. This cause must be remanded for the purpose of enabling the defendants to procure the testimony of *Charles Belcher*, of St. Louis. They had taken a commission to that effect, and procured the evidence of this witness; but, on the rule taken on the plaintiff to show cause why the depositions should not be read, the objection was made, that these were not signed by the deponent.

The objection was sustained by the District Court.

The defendants forthwith moved for a new commission; but the application war discarded. Subsequently, the case being called for trial, they applied for a continuance unsuccessfully.

Under the circumstances of this case, the parties were entitled to a new commission, and, as a consequence, to a continuance of the cause in the meantime. It is not pretended that there was on their part any laches or negligence; the bill of exceptions assigns as the reason for refusing the relief asked, that the application was not made in proper time.

The object of taking a rule to show cause why testimony taken by commission should not be read on the trial, is to enable the party, in case of irregularity or informality not attributable to himself, to remedy the defect before trial. This would be defeated if a party was concluded by the discharge of the rule, and could be coerced into trial notwithstanding his good faith and his diligence.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, and that this cause be remanded for further proceedings according to law, the plaintiff paying the costs of appeal.

LAND, J., absent.