## No. 11,774.

### ALEX. W. MAAS VS. SUCCESSION OF JOSEPH HERNANDEZ AND EXECUTRIX ET ALS.

Where a contract for a fixed amount is entered into between the owner of property and a builder, according to certain specifications to which a plan is annexed as explanatory thereof, no charge in the absence of an agreement to that effect can be made as for extra services in the preparation of the plan. The builder appears in the transaction, not as an architect, but as a contractor.

A builder claiming remuneration over and above the contract price of a building for certain labor and material, as having been furnished for extra work, must establish with reasonable certainty that they were used for that particular purpose.

APPEAL from the Civil Judicial District Court for the Parish of Orleans. *Monroe, J.*

*A. B. Phillips* and *Morris Marks* for Plaintiff, Appellant.

*Henry Denis, Henry P. Dart* and *Albert Voorhies* for Defendants, Appellees.

Argued and submitted May 21, 1895.

Opinion handed down November 18, 1895.

Rehearing refused February 24, 1896.

FORTY-EIGHTH ANNUAL REPORTS, 1896. 265

Mass vs. Succession of Hernandez and Executors et als.

Plaintiffs claim two thousand two hundred and thirty-four dollars and fifteen cents, due for work, labor and material, for extras beyond a contract and specifications between him and the defendant.

From a judgment against him plaintiff appeals.

---

The opinion of the court was delivered by

NICHOLLS, C. J. The first question discussed by the parties was whether the defendant was liable for architect's fees for the two plans of building for which plaintiff claims remuneration. The first plan was that according to which the building (originally) was to be built. No reference is made in the contract in respect to payment for the plan. The second plan was never presented to or accepted by Hernandez. It seems to have been a mere working plan intended for the guidance of plaintiff's workmen, in order to conform their work to alterations made in the building after its commencement. Such as it was, it does not seem to have been adhered to, the building as finally made conforming to neither the first nor a second plan.

Plaintiff does not seem to have been employed by the defendant as an architect to furnish him a plan for a residence. Had he been so employed, and as such had furnished a plan, he would unquestionably have been entitled to remuneration for his services (even though subsequently he might have become a contractor for the construction of the building), but the plan referred to is not presented to us as having been made under those circumstances. It appears simply as part of a proposition made to the owner of a piece of property by a " builder " to construct for him a certain house for a certain amount according to certain specifications, the plan being annexed as explanatory thereof. Defendant did not deal with plaintiff as an architect; the latter did not figure relatively to the plan as such, for if he was entitled to pursue that occupation, he merged and lost it in this particular transaction in that of " contractor and builder." Viewed from that standpoint we do not think he could claim compensation for his services in furnishing the plan in the absence of an agreement to that effect. This conclusion appears to us correct, independently of evidence on the subject, but it is supported by the testimony of Mr. Freret, himself an architect.

Plaintiff's claim for furnishing the second plan is not only open to

the same objection, but it was never presented to or accepted by the defendant. It was simply furnished by plaintiff to his employees as a working plan, and then it was not adhered to as we have already said.

We do not think plaintiff entitled to a judgment on the other items of his account. *Quoad* them he stands as a plaintiff, and must make his claims reasonably certain. He has not done so. As an architect and builder, he was in position to have known precisely what materials he had used, from whom he had obtained them and at which prices; also what workmen he had employed, for how long they were employed and at what work they had been placed. If the full amount paid for the building cost more than the contract price, plaintiff should have shown how much of the expenditures were occasioned by the alterations in the building. The evidence shows that the building was increased in some particulars and made smaller in others. The contract price of forty-three hundred dollars affords no basis for fixing the rights of the parties.

The plaintiff has fixed upon certain material and work, and founded a demand for extra compensation on them, without attempting to show that this material or that work was used for the purposes of the alterations, or had any connection with them.

There was no contract between the parties "for the building of a six thousand two hundred and three dollar cottage."

The defendant shows that prior to the abandonment of the contract by the plaintiff Hernandez had paid him two thousand seven hundred dollars in cash, and eight hundred and sixty-eight dollars and thirty-eight cents of bills—(three hundred and fifteen dollars and fifty-five cents to Langunthy, foreman, four hundred and sixty-seven dollars and eighty-three cents to the Central Manufacturing and Lumber Company, and eighty-five dollars to William Pattison for brick work (making a total of three thousand five hundred and sixty-eight dollars and thirty-eight cents, and that subsequently to this abandonment he had paid certainly one thousand six hundred and forty-one dollars and ninety-four cents in bills. The total payments of Hernandez on account of the house was therefore five thousand two hundred and ten dollars and thirty-two cents or nine hundred and ten dollars and thirty-two cents more than the original contract price. We are satisfied he can be called upon to pay nothing more. If we are mistaken in this and plaintiff has really a claim

to some amount against the defendant, he can only blame himself
for his carelessness in keeping his accounts and in not establishing
what that claim is.   It would serve no good purpose to enter into.
the details of the testimony in the case.   It suffices to say that after
a careful examination of the record, made not only before, but.
during the vacation of the court, we find no error in the. judgment
appealed from, and it has to be and it is hereby affirmed.