BREAUX, O. J.
Plaintiff claims a sum due him on a subcontract for work and material furnished in renovating the Caddo Hotel in the city of Shreveport. The work was done and material furnished under a contract between W. J. Smith, contractor, and Mrs. Frances Hoss and Miss Leigh Hoss, the owners.
The main cause of complaint is that the owners failed to exact, and to have recorded, a bond of the contractor for the security of the.workmen and furnishers’ liens, as required by Act No. 180, p. 223, of 1894.
The lien and privilege of the subcontractor on the building had been recorded.
The owners denied liability, and alleged that they had taken and recorded a legal bond.
The legal effect of this bond presents the question involved. It was recorded as alleged.
In this bond Smith, the principal, and his surety, bound themselves to pay to the owners, Mrs. and Miss Hoss, a stated amount equal to the contract price, and made it a condition that they would comply with the terms of the contract before mentioned, and that they would pay all claims for material and labor.
The district court held that the owners had not complied with the statute, in question, and that in consequence they were indebted to plaintiff, Wellman, manager, in the amount of his claim.
An appeal was taken to the Court of Appeal, and on appeal the judgment of the district court was reversed and plaintiff’s demand rejected. The statute requirements are that the owner who enters into a building contract shall take and record a bond, to the amount of the contract price, for the payment of mechanics, workmen, and materialmen, and that they shall have their right to sue and recover thereon.
The claim of the workmen for work on a building, and that of furnishers of supplies, has been the fruitful subject of discussion.
Under the statutes they, the workmen and furnishers of supplies, can, by timely recording their claims and serving notice thereof on the owner, secure a privilege. To this privilege, as relates to rank and preference, the rights of the owner and contractor are subordinate, and no recital in a bond should have the effect of changing the rank of the laborers and furnishers’ privilege.
The bond which the owner may execute for the protection of workmen and material-men is in character statutory. In executing it, the statute should be followed, and it should be borne in mind that the purpose in enacting that statute was the “security of workmen and furnishers of material,” copying from the title of Act No. 180, p. 223, of 1894.
The owner should not incumber this bond with conditions in his own interest, for, primarily, the purpose is the protection of the employes and materialmen who have worked to give value to his property.
The contract by special declaration is attached to the bond.
It might give rise to ground to urge, in answer to any action brought on the bond by the workman and furnisher of supplies that it was premature, as the bond, with contract attached, provided for payment by the owner, and for his security after payment.
This is the extent of our decisions. We repeat, in other words than heretofore used, there should be no attempt to obscure the conditions of a bond by adding thereto, and attaching a contract with many conditions, some of them, to say the least, contradictory with the others. We think that this of itself is sufficient to uphold the claims of the workmen, who claim under their recorded claim.
The contract provided that no change in the plan, and extra work in that connection, would be páid for unless the work was done in accordance with written order.
The owner cites Maas v. Succession of *231 Hernandez, 48 La. Ann. 264, 19 South. 269, and Monarch & Kaiser v. Board, 49 La. Ann. 991, 22 South. 259, in support that $200 for extra work should not be allowed.
In the cases cited, the testimony" did not prove that the owner knew anything about the extra work. It follows that he had not assented to it. Here the work was done. The owner was frequently about the building, and saw the improvements as they were made. It is not shown that the least objection was ever made, nor that they have not received full consideration.
Under the circumstances, the claim is due and should be paid.
Appellee also urges that Wellman, the subcontractor, was the real surety, and not Mr. McOuteheon, who acted only at his, Well-man’s instance, and in his interest; that this plaintiff was the only bondsman; that, in consequence, the former is estopped.
The proof does not sustain that plea, and therefore it cannot be sustained.
It is ordered, adjudged, and decreed that the judgment of the Court of Appeal is avoided, reversed, annulled, and that the judgment of the district court be, and the same is hereby, reinstated and made the judgment of this court, and that the cause be, and it is, remanded to the district court for execution.
The costs of the Court of Appeal and of this court are to be paid.by defendants and original appellants, Mrs. and Miss Hoss.