(63 South. 517.)

No. 19,603.

VILLAGE OF DODSON. v. PAYNE.

(Nov. 17, 1913.)

*(Syllabus by the Court.)*

1. LICENSES (§ 7*)—LICENSE TAX—VALIDITY.
   License taxes must be graduated. Const. 1898, art. 229.
   [Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 7–15, 19; Dec. Dig. § 7.*]

2. LICENSES (§ 7*)—LICENSE TAX—ORDINANCE —VALIDITY.
   A license ordinance, providing that any person or persons following or attempting to follow any of the businesses enumerated therein, who shall refuse or fail to pay the amount of licenses required thereunder, shall be arrested, and on conviction shall be subject to a fine or imprisonment, is ultra vires, unconstitutional, null, and void.
   [Ed. Note.—For other cases, see Licenses. Cent. Dig. §§ 7–15, 19; Dec. Dig. § 7.*]

Appeal from Mayor's Court, Village of Dodson; W. M. Goor, Mayor.

J. T. Payne was convicted of violating a city ordinance, and appeals. Reversed.

Earl E. Kidd, of Winfield, for appellant.

SOMMERVILLE, J. Defendant is charged with having—

"refused to pay licenses after the marshal had made demand on him for the payment of same, contrary to ordinance No. 32 of the said village of Dodson."

He moved to quash the affidavit for the reason—

"that the ordinance of said village * * * is illegal, unreasonable, unconstitutional, null, and void, said ordinance being passed without authority of the council of said village, and because it is an attempt to collect a license tax by fine and imprisonment, instead of by civil process."

He was tried before the mayor, convicted, and sentenced to pay a fine of $10 and costs of court, and in default of payment to serve ten days in the village jail. Defendant appeals.

The ordinance under which defendant was convicted is one "to levy, collect and enforce the payment of an annual town license in the village of Dodson." In the eleventh paragraph of the ordinance it is provided:

"That every individual or individuals carrying on the business or profession of attorney at law, physician, editor, dentist, oculist, photographer, jeweler, and all other business not herein provided for, shall pay a license of five dollars."

[1] Defendant is charged with carrying on the business of "Editor of Dodson Times." There is no graduation of the license taxes

attempted to be imposed, as is required by article 229 of the Constitution. The ordinance is therefore unconstitutional.

[2] In the third section of the ordinance under consideration it is provided:

"That any person or persons following or attempting to follow any of the businesses enumerated above, who shall refuse or fail to pay the amount of licenses required under this ordinance, when same is called for by the village tax collector, it shall be the duty of the marshal or any police to arrest such person or persons, and on conviction before the mayor, he or they shall be subject to a fine of not less than twice the amount of licenses due and all costs, and imprisonment for not over thirty days at the discretion of the mayor."

The mayor and board of aldermen of the village of Dodson were without authority to adopt the section just quoted. They cannot substitute criminal proceedings for the collection of licenses, when the Legislature has provided that the proceeding shall be of a civil nature. The state law provides that the tax collector shall proceed by rule, calling upon the delinquent taxpayer to show cause why he should not pay the amount of licenses claimed, or be ordered to cease from the pursuit of the said business; and in case said rule is made absolute, the order thereon shall be considered a judgment in favor of the state for the amount due by the defendant for licenses and penalties and costs, and shall be executed in the same manner as other judgments, and that every violation of the order of the court to cease from further pursuit of the business until after having obtained a license shall be considered as a contempt thereof, and shall be punished according to law. Section 20, Act No. 171, 1898, p. 418; Act No. 98, 1898, p. 123.

Section 3, quoted above, is ultra vires, unconstitutional, null, and void.

The judgment appealed from is reversed, the affidavit is quashed, and defendant is discharged.