INTERNATIONAL ACCOUNTANTS'
SOCIETY, INC., Appellant

v.

MONTREUIL

---

(May 9, 1927. Opinion and Decree.)
(May 23, 1927. Rehearing Refused.)
(July 12, 1927. Writ of Certiorari and Review Denied in Supreme Court.)

---

(*Syllabus by the Court*)

1. Louisiana     Digest—Corporations—Par. 21.
One who has constracted with a corporation and has received a benefit from it cannot deny its existence.

2. Louisiana Digest—Builders and Buildings—Par. 21, 25.—Mechanic's Privileges—Par. 2.
Article C. C. 2765 (2736) refers to contracts for buildings and other works and for furnishing materials.

3. Louisiana Digest—Builders and Buildings—Par. 21, 25.—Mechanic's Privileges—Par. 2.
Article 2765 of the Civil Code is an exceptional and novel provision of our law and must be strictly construed.

4. Louisiana Digest—Depositions—Par. 29, 39, 41.
Depositions and answers may be introduced in evidence, although no rule was taken to admit them.

Appeal from First City Court, Division "A". Hon. W. A. Bahns, Judge.

Action by International Accountants Society, Inc., against H. A. Montreuil.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Weiss, Yarrut & Stich, of New Orleans, attorneys for plaintiff, appellant.

J. A. Morales, of New Orleans, attorney for defendant, appellee.

OPINION
CLAIBORNE, J.   This is a suit on a promissory note.

The plaintiff alleged that it is the owner of a promissory note dated April 22nd, 1925, for $155 signed by defendant, payable $10 cash and $8 on the last day of each month beginning June 1st, 1925, until paid; that $18 has been paid on account leaving a balance due of $137.

The defendant denied the capacity of plaintiff.

One who has contracted with a corporation and has received a benefit from it cannot deny its existence. Liverpool & London Fire & Life Ins. Co. vs. Hunt, 11 La. Ann. 623; East Pascagoula Hotel Co. vs. West, 13 La. Ann. 545; City Ins. Co. vs. S. S. Lizzie Simons, 19 La. Ann.

250; Latiolais vs. Citizens Bank, 33 La. Ann. 1445; American Homestead Co. vs. Linigan, 4 La. Ann. 1118; Lehman & Co. vs. Knapp, 48 La. Ann. 1154, 20 So. 674; Blanc vs. Germania Nat. Bk., 114 La. 741, 38 South. 537.

For answer, the defendant pleaded that the note had been given in payment of a set of books he purchased from plaintiff, but that the books were not as represented and could not be used for the purpose for which they were purchased; that the plaintiff admitted that the books were not as represented and agreed to take them back and to return the note and the $18 paid on account thereof; that defendant returned the books to plaintiff which failed to return the note or the cash paid on account.

There was judgment in favor of defendant dismissing plaintiff's suit as in case of non-suit, and it has appealed.

The defendant testified in his own behalf.

He failed to substantiate the allegations of his answer.

He testified that the books sent to him were not to his liking, but he did not testify that the plaintiff had agreed to take back the books or to return the $18 paid by defendant on account.

The judge below gave written reasons for judgment. He said:

"The defendant had a right to cancel at pleasure the bargain he had made even in the case where the contract had already been commenced by paying the plaintiff for the expenses and labor already incurred and such damages as the nature of the case may require. The plaintiff, having failed to show the amount of expense or labor or damages, the court renders a judgment of non-suit."

The defendant's attorney argued in line with that opinion and quoted Article 2765 of the Civil Code. But that article is under a section entitled, "Of constructing buildings according to plots and other works by the job, and of furnishing materials," and refers exclusively to building contracts. Its provisions cannot be extended to other contracts. It must be strictly construed. The attorney cites several cases, but they also treat of building contracts.

In the case of Monarch vs. Board, 49 La. Ann. 995, 22 South. 259, the court said:

"Moreover, under special Articles one may cancel the contract with a builder. It is an exceptional right applying to special cases, but it is clearly expressed."

"It has been referred to as 'novel in the provision of our law, thus giving a right to one of the parties to a contract to annul ad libitum'."

The plaintiff introduced in evidence the contract and the note both signed by the defendant.

These documents establish its case. The only defense is that defendant, after signing them and receiving the books came to the conclusion that the books and lessons furnished by the plaintiff were "not to his liking". This is no legal ground to refuse to perform a contract.

Depositions and answers may be introduced in evidence, although no rule was taken to admit them. C. P. 439; Tarleton vs. Bringier & Co., 15 La. Ann. 419; Verret vs. Bonvillain, 32 La. Ann. 33.

It is therefore ordered that the judgment be reversed and set aside, and it is

now ordered that the defendant, Hamilton A. Montreuil be condemned to pay to the plaintiff, the International Accountants Society, Inc., the sum of one hundred and thirty-seven dollars, with five per cent per annum interest, from August 22nd till paid, and all costs of suit.