No. 3790

Second Circuit

GRONER v. CAVENDER ET AL.

(February 26, 1931. Opinion and Decree.)
(May 20, 1931. Rehearing Refused.)

Crain, Jackson & Johnston, of Shreveport, attorneys for plaintiff, appellee.

Cook & Cook and Thatcher, Porteous, Browne & Myers, of Shreveport, attorneys for defendants, appellants.

McGREGOR, J. The plaintiff brings this suit in the form of a concursus proceeding under the provisions of Act No. 139 of 1922. There was a written contract between Morris Groner, plaintiff, and R. J. Cavender, defendant, dated May 18, 1926, wherein the defendant contracted to remodel certain premises for the plaintiff at 444 Stoner avenue in the city of Shreveport, for the contract price of $4,679.56. This contract was based on written plans and specifications, both of which were very loosely drawn. In the specifications there is indicated the following stipulations:

"* * * Should alterations be suggested or deviations from plans or specifications arise same shall be agreed to by all parties concerned and either credits or additional charges 'as the case may be' entered · or attached to these specifications."

Upon the interpretation of this clause and the law applicable to such cases depend in a large measure the issues involved in this case. In his petition the plaintiff alleged that he had paid to the defendant the sum of $4,600 on the contract price; that the work had been completed, and that he had executed an acceptance of the work and caused it to be recorded in the mortgage record in the form and manner provided by law; that there was a balance of $79.56 due the defendant contractor on the contract price; and that there was an additional sum of $155.65 due him for extra work and material performed upon and furnished on the said job which was not included in the written contract, thus making a total of $235.21 due by the plaintiff to the defendant on account of the said job of remodeling the said premises. Plaintiff further alleged that there had been recorded a large number of liens on the said job amounting to the sum of $2,117.29 said to be due to the several lienors for materials · furnished to the defendant and used by him in the said remodeling job. It is still further alleged that the defendant himself had filed a lien on the job for the sum of $892.12 for labor and material alleged to have been performed and furnished by him as extras over and beyond that called for and provided for in the written contract. Plaintiff took $50 of the $235.21 admitted to be due by him, and used it to file this suit, and deposited the balance, or $185.21, in the court in accordance with the statute. It is further alleged that the defendant R. J. Cavender and the Indemnity Insurance Company of North America, as surety, executed and delivered a bond in the principal sum of $4,679.56, and that this bond, together with the contract, had been duly filed and recorded in the mortgage records of Caddo parish as required by law. The said surety company was made a party defendant in the case. The defendants answered, admitting the contract and the liens filed, but alleged that the balance due the contractor by the plaintiff was the sum of $892.12, including the sum of $235.21 admitted by the plaintiff in his petition and deposited by

him in the court. The sum of $656.21 is therefore claimed by the defendant as plaintiff in reconventional demand for extra labor and material performed and furnished on the said remodeling job.

There was judgment in the lower court in favor of the plaintiff against the defendant contractor and all the lienholders and canceling and erasing all of the liens filed against the plaintiff's property on account of said contract and bond, and particularly the special lien filed by the defendant contractor for the extra labor and material claimed to have been furnished by him. There was also judgment in favor of plaintiff in solido against the defendant contractor and the Indemnity Insurance Company of North America and the fund deposited by the plaintiff for the sum of $250 attorneys' fees for the concursus proceedings and for all costs of the suit. There was also judgment in favor of the several lienholders against the contractor and the surety company for the respective sums shown to have been due them on the trial of the case. The reconventional demand of the defendant contractor was rejected, and judgment for $2,355.29 was granted in favor of the Indemnity Insurance Company of North America against the defendant contractor. The contractor and the surety company have appealed from that part of the judgment rejecting the contractor's reconventional demand and canceling the lien filed and recorded by him.

As stated, the contractor's reconventional demand is for the sum of $892.12. A part of this is admitted by the plaintiff in his petition—$79.56 balance due on the contract price and $155.65 for extra labor and material furnished on the job, so that the amount in dispute is the sum of $656.21.

Because of the clause in the specifica-tion reading: "* * * Should alterations be suggested or deviations from plans or specifications arise same shall be agreed to by all parties concerned and either credits or additional charges 'as the case may be' entered or attached to these specifications," the plaintiff contends that none of the amounts which are claimed by the contractor should be allowed, as none of the extras in the form of labor and material were agreed upon in advance by the parties in writing, and that none of them were indicated and provided for in the plans and specifications. To support their position, counsel for plaintiff cite article 2276 of the Revised Civil Code, but this article must be read in connection with article 2275, and, when this is done, we find that the two articles deal primarily with the transfer of immovables, so that that article does not govern the case at bar. Articles 2763 and 2764 evidently govern here. Those articles specially provide that, even though a contract is reduced to writing by the owner and the contractor, and the building is being erected in accordance with the written plans and specifications, the contractor can claim pay for extra labor and material if he can prove that the extra labor and material were performed and furnished in compliance with the "wishes of the owner," and "in a case where the alteration or increase is so great, that it can not be supposed to have been made without the knowledge of the owner, and also where the alteration or increase was necessary and has not been foreseen." Under those two articles of the Code, it would seem to be clear that, if the defendant contractor can prove that the various items claimed by him in his reconventional demand complied "with the wishes" of the plaintiff, or that they were so great or patent "that it cannot be supposed to have been made without the

knowledge of the owner," he should recover. In the case of Wellman v. Smith, et al., 114 La. 228, 38 So. 151, 152, the Supreme Court considered this question, and in the course of its opinion said:

"The contract provided that no change in the plan, and extra work in that connection, would be paid for unless the work was done in accordance with written order.

"The owner cites Maas v. Succession of Hernandez, 48 La. Ann. 264, 19 So. 269, and Monarch & Kaiser v. Board, 49 La. Ann. 991, 22 So. 259, in support that $200 for extra work should not be allowed.

"In the cases cited, the testimony did not prove that the owner knew anything about the extra work. It follows that he had not asserted to it. Here the work was done. The owner was frequently about the building, and saw the improvements as they were made. It is not shown that the least objection was ever made, nor that they have not received full consideration.

"Under the circumstances, the claim is due and should be paid."

The two articles of the Revised Civil Code referred to and the opinion of the court in the Wellman v. Smith case are based on the principle that parties to a written contract are not prevented from subsequently entering into a verbal agreement abrogating the written contract. The case cited is also supported by the principle that no one can be permitted to enrich himself at the expense of another. The Court of Appeal, First Circuit, passed on a similar case, Stanley A. Harvey v. Louis Mouncou, 3 La. App. 231. The syllabus in that case, which was written by the court, is as follows, and we think expresses correctly the law to be applied in the case under consideration:

"A contractor may recover an increased price whenever the increase in the building is so great that it could not have escaped the knowledge of the owner, or whenever it was necessary and had not been foreseen.

"Under the conditions mentioned in C. C. 2764 parol evidence is admissible to prove a verbal agreement to alter the original written building contract, even when the contract contains a stipulation that no claim shall be made for extra work unless the same was ordered in writing.

"In a suit for damages against a contractor for failure to complete and deliver a building at the time agreed upon, it is not enough for the owner to show the rental value of the property; he must prove besides, that he could have procured a tenant if he had been put in possession of the property at the time stipulated.

"Judgment amended in favor of plaintiff."

In this case there is found a very able discussion of the parol evidence rule, and it is illustrated by several citations showing how the rule is applied in building contracts. Those citations are:

"We find the principle applied in building contracts and we select the following authorities from other states and from the federal courts:

"'Where a contract for alteration and repair of a vessel provided that the contractor should make no claim for extra work unless he could show a written order for the work and written approval of the designers and the price, and that no verbal agreement and order of any of the parties or their agents should be claimed by either party to modify the clause, and no waiver thereof not in writing and signed by the parties should have any force, allowances should not be made for extra work based upon verbal agreements unless on proof so clear and convincing as to leave no doubt as to the intention of the parties to waive the contract provision and substitute an oral agreement therefor.'

"James Reilly Repair and Supply Co. v. Smith [C. C. A.] 177 F. 168.

"In Jefferson Hotel Co. v. Brumbaugh [C. C. A.] 158 F. 867, it was held that where the owner retained possession and the enjoyment without protest of extras orally ordered of the contractor by the superintendent, the owner was estopped to deny the general authority of the super-

intendent to give the order, and the contract provision that all extras should be ordered in writing was waived.

"In Theis v. Svoboda, 166 Ill. App. 20, the court held that notwithstanding a building contract provides that all extras must be ordered in writing, the owner may waive such provision, and if he orders extras verbally he is liable therefor.

"In McGowan v. Gate City Malt Co. [89 Neb. 10] 130 N. W. 965, it was decided that a subcontractor could recover for extra work verbally ordered notwithstanding a provision of the sub-contract to the effect that 'no work done or material furnished by the sub-contractor should be considered as extra or paid for' as such unless a separate agreement in writing therefor should be made before the commencement of such work or furnishing of such material.'

"'A written contract to repair a building according to specifications may be modified by a subsequent parol contract for extra work.' Derrico v. Muller (Sup.) 142 N. Y. S. 479.

"In Pierce v. Powers, 180 Ill. App. 687, it was held that the parties may waive the conditions in a contract under seal by parol and when so waived the conditions are abrogated.

"In Becker v. Becker [250 Ill. 117], 95 N. E. 70 [Ann. Cas. 1912B, 275], it was held that: 'A waiver of a covenant by the party for whose benefit it is inserted into a written instrument may be made by parol and such waiver is held not to be a modification or change in the terms of the original agreement.'"

In a recent building contract case in the Orleans Court of Appeal, H. F. Hinricks v. Edmon Realty & Investment Co. [No. 7254, see Louisiana and Southern Digest], the plaintiff claimed pay for seven items of extras ranging in amounts from $2.50 to $44.10, and amounting in the aggregate to $63.25. There was judgment in the lower court rejecting the demand of the plaintiff for the extras. In a well-considered opinion reversing the lower court on this point, the court said:

"Articles 2763 and 2764 of the Civil Code provide that an undertaker, working under a plot agreed on, cannot claim an increase of the price agreed on, on the plea that the original plot has been changed; unless he can prove that the changes have been made in compliance with the wishes of the owner. But an exception is made to this rule, whenever the change is so great that it could not have escaped the knowledge of the owner, or whenever it was necessary and had not been foreseen, 5 M. 386; 2 La. 409; 4 La. 101; 5 R. 180, 181; 9 R. 404; 23 A. 709; 4 R. 399; 12 A. 621.

"It has been decided that parol evidence is admissible to prove a verbal agreement to alter the original written contract, 2 A. 490; 4 La. 30; 10 R. 95; 1 H. D. p. 540 G; 101 L. D. p. 252; 23 A. 517; 36 A. 121; 133 La. 1057 (63 So. 517); 101 U. S. 522; 2 Evans Pothier 158.

"But it was also decided that when the building contract provided that 'no extra work was to be admitted unless executed under written authority' no parol testimony could be admitted for extra work. 27 A. 116; 49 A. 991 (22 So. 259); 51 A. 285 (289), 25 So. 88.

"But the strictness of the above decisions was modified in Wellman v. Smith, 114 La. 230-231 (38 So. 151) so as to adapt itself to the letter and spirit of Article 2764. We are bound to follow it and to hold that notwithstanding a clause in a building contract providing that no claim for extra work shall be made or paid unless the extra work was ordered in writing, an undertaker may prove by parol and will recover for extra work, when it is shown that the owner was aware of the work and made no objections to it, however dangerous such a doctrine might prove to owners, who see the work being done, but have no idea that it is extra, or will be charged for, over and above the contract price.

"The plaintiff has proved each and every item of his claim for extras on the two contracts and the knowledge of the defendant."

Applying the same principles to the case at bar, we find that the contractor is entitled to a judgment for certain items of his reconventional demand.

It would be useless to discuss the testimony brought out on each item listed. The plans and specifications are very vague and indefinite. At times it is difficult to say whether certain items claimed as extras were indicated in, and covered by, the plans and specifications. Wherever there is doubt, we have resolved it in favor of the owner of the building, but, wherever it is proved that, although an item was not provided for in the plans and specifications, it was furnished "in compliance with the wishes of the owner," or that it was of such a nature that it could not "be supposed to have been made without the knowledge of the owner," we have allowed it. We find that the following items should be allowed:

| | | |
|---|---|---:|
| (1) | Front sidewalk | $ 16.75 |
| (2) | Brick walk | 17.00 |
| (3) | Yard fences | 16.00 |
| (4) | Flower boxes | 7.50 |
| (5) | Extra plumbing | 88.93 |
| (6) | Hanging swing | 1.00 |
| (7) | Ceiling fans | 4.00 |
| (8) | Stove hoods & vents | 39.50 |
| (9) | Boiler closet | 30.50 |
| (10) | Wall paper | 20.15 |
| (11) | Kitchen cabinets | 161.00 |
| (12) | Kitchen pantry | 86.40 |
| (13) | Bal. on contract | 79.56 |

Total _____$568.29

Of this amount $235.21 was admitted by the plaintiff in his petition and was deposited by him in open court in this concursus proceeding provided by the statute.

When judgment was rendered herein, the lower court decreed that all liens resulting from the recordation of the bond and contract, and particularly the lien filed by the defendant contractor for the balance for which he demands judgment herein on his reconventional demand, should be canceled and erased from the record. Counsel for contractor ask us specially to reverse this portion of the judgment and to reinstate the contractor's lien for the extras claimed by him. It is evident that, if there were no contract price and the contractor were claiming these extras as a balance due on the entire costs of the job proved on a quantum meruit, he would have a lien for the balance due. If there were no balance due other than what is admitted by the owner, then, upon depositing that sum in court in the concursus proceedings, the owner would have a right to have the contractor's lien canceled. In the beginning the contractor, the laborers, and the furnishers of material all had a lien on this property created by the recordation of the bond and the contract. The amounts of these liens are determined at the completion of the work. If there are no extras, and the owner pays nothing during the course of the work, and the contractor pays for all the labor and material, he would have a lien for the entire contract price, resulting solely from the recordation of the contract and bond. If, at the completion of the work in such a case, there was a valid claim for extras, all of which were paid for by the contractor, then, in order to preserve his lien for this added amount, he would have to file his lien just as any laborer or furnisher of material would do. The owner cannot have the contractor's lien for extras canceled by depositing just the unpaid portion of the contract price. To hold otherwise would be very unjust, and would work a great hardship upon the contractor. We do not think any one would contend that a contractor does not have a lien on the building and premises under the law. The liens for the balances due to the laborers and furnishers of materials are canceled by judgment of the court in concursus proceedings even before they are paid by defendant, only because under the statute the contractor provides a surety bond which takes the place of the lien on the property. The contractor has no bond to guar-

antee his money, and he must preserve his lien on the property until it is paid. Act No. 139 of 1922 specially provided for this lien, and specially excepts it in all reference to cancellation of liens. The only way to cancel it is to pay it off. In concursus proceedings, the owner usually deposits the total amount due the contractor under the terms of the contract, and, by virtue of paying this sum into court, he naturally is entitled to have the contractor's lien canceled along with liens of all laborers and furnishers of material. But, if the contractor has furnished extras which are in controversy, and has filed his lien for same in proper form, the depositing of the balance due under the terms of the contract will not justify a cancellation of the contractor's lien for the extras. The lien of the defendant contractor should therefore be reinstated to the extent of $333.08.

For the reasons assigned, the judgment appealed from is amended by granting judgment in favor of the defendant R. J. Cavender against the plaintiff, Morris Groner, for the sum of $333.08 over and above the $235.21 deposited in court by the plaintiff; the judgment is further amended by ordering that the lien recorded by the contractor, R. J. Cavender, in Mortgage Book 148, page 308, of the mortgage records of Caddo parish, he reinstated, recognized, and enforced to the extent of $333.08, and that the Indemnity Insurance Company of North America be recognized as having a lien on the said sum of $333.08 in the hands of the plaintiff, and that the plaintiff, Morris Groner, be ordered to pay the same to the said surety company for the account of the said contractor, R. J. Cavender. And, as amended, the judgment is affirmed, the costs of the lower court to be paid by the defendants R. J. Cavender and the Indemnity Insurance Company of North America, and the cost of appeal to be paid by the plaintiff and appellee.

ON APPLICATION FOR REHEARING

McGREGOR, J. Both plaintiff and defendant have asked for a rehearing in this case, on different grounds, of course. Counsel for defendant calls our attention to the fact that interest at the legal rate should be allowed on the $333.08, additional sum granted him on his reconventional demand.

Counsel for plaintiff call our attention to the fact that the citation credited to the case of Stanley A. Harvey v. Louis Moncou, 3 La. App. 231, is an erroneous citation. Through a clerical error, the wrong syllabus was copied into our opinion. The one copied is from case No. 7254 of the Orleans Court of Appeal, styled H. F. Hinrichs v. Edmonds Realty & Investment Company, and is, of course, good authority for the views expressed in our opinion. The syllabus of the Harvey v. Moncou case, 3 La. App. 231, which we intended to cite, is equally strong. It was rendered by the same court and is an approval of the doctrine enunciated in the former case.

A careful reading of the brief in support of plaintiff's application for rehearing and a re-examination of the evidence fails to convince us that there is any error in our finding of fact. The defendant is entitled to 5 per cent interest on the $333.08 from judicial demand, but it is not necessary to grant a rehearing in order to make this correction.

It is therefore ordered, adjudged and decreed that the judgment heretofore rendered by us herein be corrected so as to allow 5 per cent interest from judicial demand to the defendant on the $333.08 granted to him on his reconventional demand, and the said judgment is hereby corrected accordingly.