[No. 323. Decided January 13, 1892.]

CHARLES R. BROWN, *Respondent*, v. GUSTAVE WINEHILL
AND HENRIETTA WINEHILL, *Appellants*.

CONTRACTS—CONDITION PRECEDENT—WAIVER.

When parties have entered into a solemn agreement in writing by the terms of which certain things are to be required as conditions precedent to payment, and such conditions are of such a nature that their performance will also be evidenced by writings, a waiver of such conditions will not be presumed where the evidence of the parties is conflicting in regard thereto.

Where a building contract provided that payments should only be made upon certificates of the architect that the work was done in a good, workmanlike manner, and the presentation of vouchers that the labor performed and materials furnished in the construction of the building had been paid for, the fact that payments had been made from time to time, without requiring strict performance of such conditions, will not be held as a waiver thereof.

*Appeal from Superior Court, King County.*

Action by Charles R. Brown against Gustave and Henrietta Winehill to foreclose a mechanics' lien. Judgment for plaintiff, and defendants appeal.

*Stratton, Lewis & Gilman,* for appellants.

*Greene & Turner,* for respondent.

The opinion of the court was delivered by

HOYT, J.—This action was brought to recover from defendants a sum of money alleged to be due to plaintiff upon a certain contract for the erection of a building for the defendants, in the city of Seattle, and to foreclose a mechanics' lien therefor upon said building and the lot upon which it stood. Among other conditions of said contract, was the following:

"That each of said partial payments shall be made only upon a certificate being first presented, signed by the said Buchele & Hummel, to the effect that the work, upon completion of which said payments are to become due, respectively, has been done in a good, workmanlike and substantial manner, and in accordance and compliance with this contract and said drawings and specifications; and upon the presentation of proper vouchers, showing that the labor performed and the material furnished in the construction of said building has been paid for."

There was no direct allegation in the complaint that such certificates or vouchers had been presented to the defendants at the time demand was made upon them for the payment of the moneys for which suit was brought. There was, however, a general allegation that the plaintiff had performed all the conditions of the contract on his part to be performed, and it is claimed by the respondent that this was a sufficient allegation that said certificates and vouchers had been furnished; there was also an allegation that the

certificate of the architects had been · duly demanded by the plaintiff, but had been wrongfully and without cause withheld by said architects. Appellants attack the complaint in the action upon the ground that said allegation, as to performance by the plaintiff, is not sufficient to authorize proof thereunder of the furnishing of such certificates and vouchers.

The conclusion to which we have come as to the facts shown by the proofs in the case makes it unnecessary for us to pass upon this question. From such proofs it clearly appears that in fact no such certificates or vouchers were ever furnished the appellants, nor was it pretended upon the trial that such had been done. The contention of plaintiff in regard to these matters upon the trial was that as to the certificate he had properly demanded the same of the architects, who had wrongfully refused to furnish it, and that the condition of the contract requiring vouchers to be furnished by the plaintiff as a precedent to his right to payment had been waived by the defendants. There was also a contention on his part that the provision of such contract as to the certificates of the architects had been waived by the defendants by taking possession of the building. There was some proof introduced upon the part of the plaintiff tending to establish his claims in these regards, and the court below found in accordance with this contention. It is argued by the appellants that, even although the allegations of the complaint of due performance, as above stated, might be sufficient to · authorize proof of the furnishing of said certificates and vouchers, yet thereunder it would be clearly incompetent to attempt to prove a waiver thereof on the part of defendants. This contention is practically conceded by the respondent. He meets this suggestion as to the insufficiency of the complaint to warrant such proofs, however, by a statement that, as the evidence tending to show such waiver was introduced upon the trial with-

out objection on the part of defendants, this court will not disregard such testimony, but will, if necessary, consider the complaint as amended to cover such proofs. This position is undoubtedly correct in a case where it may be properly applied, but we doubt whether justice would require us to hold the defendants estopped from now objecting to such testimony by reason of their failure to object at the time it was introduced. Nearly if not quite all of such testimony came in incidentally as a part of conversations between plaintiff and defendants, which conversations would have been admissible upon other grounds and for other reasons than that of an attempted proof of waiver. However this may be is not material to the determination of this cause, as we are satisfied from the proofs, which we have carefully examined, that the findings of the court below on these questions of waiver should have been contrary to what they are. The most that can be said in favor of such proofs was that upon such questions they were contradictory, depending largely upon diametrically opposite statements by the plaintiff on the one side and the defendants on the other; and this being so, we think that unless something appeared to the court below which is not shown by the record, he should have found such issue in favor of the defendants. When parties have entered into a solemn agreement in writing, by the terms of which certain things are to be required as a condition precedent to payment, or other act, by either party, and such conditions are of such a nature that their performance or non-performance will also be evidenced by writings, public policy demands that neither of the parties should be held to have waived such conditions without proofs of the clearest and most satisfactory kind. The very object of the parties in entering into a written contract, and providing that the performance of certain required conditions be evidenced by writings, is to avoid any controversy or question of ve-

racity that may arise in the course of the performance of such a contract; and while it is unquestionably true that the conditions of a written contract can be waived by the acts or agreements of the parties, yet the court should not find that such a waiver had in fact been made without proof so satisfactory that there could hardly be two opinions as to the facts. Interpreting the testimony in this case in the light of the statement above made, we think it fails to show any waiver of either of these conditions by the defendants. In fact, if the testimony of the plaintiff as given by him is taken as absolutely true, it seems reasonably capable of other explanation than that of an intent on the part of the defendants to waive their right to demand a complete performance of these conditions by the plaintiff. His testimony only shows some loose statements on the part of the defendants which in themselves would hardly be worthy of the name of proofs, and, in addition thereto, the fact that payments had from time to time been made by defendants without requiring a strict performance of these conditions by the plaintiff. But this fact would, in our opinion, be entitled to little or no weight as tending to show that the defendants had waived their right to insist upon such conditions. Of course they waived it to the extent of the payments which they voluntarily made without requiring a compliance therewith; but it would not follow that by so doing they were debarred from insisting upon such conditions whenever they saw fit to do so for their protection, nor would it tend in the least degree to excuse the plaintiff from performing these conditions on his part before he would be entitled to maintain an action for any balance which might be his due. As no other reason than that we have above discussed was suggested by respondent as grounds for relieving him from tendering vouchers as required by the contract, and as we have seen that the findings of the court that the same were waived were not justified

by the proofs, nothing further need be said in disposing of this cause.

We will remark, however, that the history of this case well justifies the adoption by the courts of the strictest rule of proof when an attempt is made to show that a party has waived his rights under a written contract. Here, under the contract in question, defendants before they made the final payments were clearly entitled not only to have all the bills for labor and material furnished in the erection of said building paid in full, but were entitled to have this fact evidenced to them by the receipts in writing of the parties interested, yet we find that at the time this case went to trial various claims were pending against the contractors in which it was sought to enforce liens against the building in question, and had it not been for certain informalities in the notices of lien, it is plain to be seen from the findings of the court that there would have been judgment for the enforcement thereof against the building. And while it is true that under the provisions of the lien law the defendants might have had a remedy, yet to avail themselves of it they must necessarily be put to large expense and trouble, and it would be a great hardship to hold that they must endure this evil, which, in their written contract they had expressly protected themselves against, by proof as inconclusive as that in this case.

Upon the question of the architects' certificate, another ground of waiver was urged, and, although it is not necessary to the determination of this action, we will say a word in regard thereto. There was a condition in the contract in question that if possession of the building was taken without notice of any reservation of rights, such taking of possession would be a waiver of the right to demand such certificate, and it is claimed that the proof shows that the defendants took full possession of the building without giving such notice. Such proof, however, is somewhat con-

tradictory in its terms, and when we take into considera-
tion the fact that such building was not finally finished
until several months after the time when it was to have
been completed, and that the several parts thereof were
ready for occupancy and occupied at different times, it
would seem to us hardly just to hold that such acts on
the part of the defendants as were here shown should be
held sufficient to waive their right to such certificate.
Several other questions were discussed upon the hearing,
but it is not necessary and would answer no good purpose
to discuss them here.

The judgment and decree of the lower court must be re-
versed, and the cause remanded with instructions to dis-
miss the action.

ANDERS, C. J., and DUNBAR, STILES and SCOTT, JJ., con-
cur.