JAMES REILLY REPAIR & SUPPLY CO. v. SMITH.

(Circuit Court of Appeals, Second Circuit. March 7, 1910.)

No. 164.

1. CONTRACTS (§ 232*)—VESSELS—ALTERATION AND REPAIR—EXTRA WORK.

Where a contract for alteration and repair of a vessel provided that the contractor should make no claim for extra work unless he could show a written order for the work and written approval of the designers and the price, and that no verbal agreement and order of any of the parties or their agents should be claimed by either party to modify the clause, and no waiver thereof not in writing and signed by the parties should have any force, allowances should not be made for extra work based on verbal agreements, unless on proof so clear and convincing as to leave no doubt as to the intention of the parties to waive the contract provision and substitute an oral agreement therefor.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1071–1097; Dec. Dig. § 232.*]

2. CONTRACTS (§ 232*)—EXTRA WORK—WRITTEN ORDER—WAIVER.

Where a contract for alterations and repairs provided that no allowance should be made for extras unless ordered in writing and approved by the designers, etc., the fact that the owner was frequently present when the repairs were being made, consulted with the contractor's employés, and made suggestions, which resulted in changes, was insufficient to warrant a finding of an implied agreement to waive the express terms of the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1071–1097; Dec. Dig. § 232.*]

3. CONTRACTS (§ 232*)—REPAIRS—EXTRAS—WRITTEN ORDER.

Where, after the contract repairs on respondent's yacht had been practically completed, it was found that the valves installed pursuant to the architect's design made an objectionable noise when the vessel was in a sea way, and to obviate this, and to prevent loss of time to respondent and his family in docking the yacht, he orally employed libelant to install a sanitary tank, which was not a part of the original specifications, such transaction amounted to a new contract therefor, as to which a provision in the old contract precluding an allowance for extras not ordered in writing was inapplicable.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1071–1097; Dec. Dig. § 232.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the Southern District of New York.

Libel by the James Reilly Repair & Supply Company against Robert A. C. Smith for repairs and alterations furnished to respondent's yacht Privateer. From a decree for libelant for $6,689.06, which was less than the amount demanded by $2,808.06, allowed by the commissioners, but disallowed by the District Court, libelant appeals. Modified and affirmed.

Robinson, Biddle & Benedict (William S. Montgomery, of counsel), for appellant.

Page, Crawford & Tuska (W. H. Page and C. H. Crawford, of counsel), for appellee.

COXE, Circuit Judge.   The respondent employed the libelant to alter and repair his yacht Privateer for the sum of $12,850.   The contract was in writing and the work was to be done pursuant to carefully prepared and definite specifications.   The respondent, undoubtedly having in mind the fate of all who attempt to alter or repair existing structures, whether on land or sea, endeavored by the most stringent written stipulations to protect himself from the apparently inevitable and always exasperating claims for "extra work" which seem inseparable from contracts of this character.   It was expressly agreed that the libelant—

"should make no claim for extra work and compensation therefor, in addition to the contract price, as hereinafter specified, unless he can show an order for the work, the written approval of the designers, and the price of such work, all in writing; and no verbal agreement and order of any of the parties hereto or their agents shall be set forth by either party hereto to modify this clause, and no waiver of this clause not made in writing and signed by the parties shall be of any force or effect whatever."

It is difficult to understand how stronger and more explicit language could be used.   That it had no deterrent effect upon the libelant is evidenced by the fact that with the contract providing for $12,850, claims for extra work based upon "verbal agreements" were made amounting to $20,879.   In such circumstances, as is clearly pointed out by the District Judge, the explicit terms of the written agreement should not be disregarded except upon proof so clear and convincing as to leave no doubt as to the intention of the parties to waive them and substitute an oral agreement therefor.

Except in one instance, which will be considered hereafter, the testimony falls far short of establishing a waiver.   The mere fact that the respondent was frequently present during the period when the repairs were being made, consulted with the libelant's employés and made suggestions which resulted in changes, is not enough to warrant a finding of even an implied agreement to waive the express terms of the contract.   Extra work to the amount of $8,185 was ordered by the respondent and approved in writing as required by the contract.   This sum he paid without demur.   There is no pretense that the items in controversy were ever agreed to in writing; indeed, there is no proof, as to these items, that in the various discussions as to proposed changes the respondent was notified that any claim for extras would be made.

In the absence of notice he had a right to suppose that the proposed changes would add nothing to the expense and that no additional charge would be made therefor.

That the respondent is not endeavoring to make use of the terms of the contract to avoid paying his just obligations is evidenced by the fact that he has only excepted to a few of the many items presented, on the ground that a written order has not been shown. It is unnecessary to review the various items in detail. It is sufficient to say that we agree with the District Judge in his disposition of them.

Regarding the item for "making and installing sanitary tank, $333.-53," the testimony indicates that the installation of the tank was made necessary because of conditions for which the libelant was not responsible and that it was ordered by the respondent with full knowledge of the circumstances and to prevent the annoyance and loss of time to himself and family of docking the yacht. The valves which had been put in pursuant to the architects' design made an objectionable noise when the vessel was in a sea way and it was to obviate this defect, which cannot be fairly attributed to the libelant, that the tank was installed. This work was not done until July, when practically all the contract work had been completed. It was ordered by the respondent and may fairly be regarded as a new contract to remedy a defective construction which, though approved by the architects, did not satisfy the respondent and his family. In short, the libelant was not to blame for the original construction and should not be required to pay for an improvement which the respondent desired for his own comfort.

The decree should be modified by adding thereto the above item of $333.53 and interest, and, as so modified, it is affirmed with costs of this court to the appellee.