## John J. Theis, Appellee, v. Albert B. Svoboda, Appellant. Gen. No. 16,004.

1. PLEADING—*when recovery may be had under common counts.* If a contract has been fully performed and nothing remains to be done but the payment of the compensation, the plaintiff may recover under the common counts.

2. CONTRACTS—*how building to be construed.* Building contracts are liberally construed and a literal compliance with their terms is not necessary to entitle a recovery, but a substantial performance in good faith is sufficient.

3. CONTRACTS—*what does not preclude recovery for extras furnished under building contract.* Notwithstanding a building contract provides that all extras must be ordered in writing the owner may waive such provision and if he orders extras verbally he is liable therefor.

Assumpsit.    Appeal from the County Court of Cook county; the HON. FRANK G. PLAIN, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1909.    Affirmed.    Opinion filed November 14, 1911.

CHARLES F. VOGEL, for appellant.

MATTHEW J. HUSS and FOREST GARFIELD SMITH, for appellee.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Appellee, Theis, brought suit against appellant, Svoboda, to recover for extra work and material furnished in and upon a building at Chicago Heights, which had been constructed by him for appellant under a written contract between them.    A jury trial resulted in a verdict and judgment against appellant for $283.32.

Appellant contends that the evidence in the case did not warrant a judgment against him for any amount, and that the trial court erred in not peremptorily instructing the jury to find in his favor; that the verdict is contrary to the law and the evidence, and that the court erred in giving the instructions given at the request of appellee.

It appears that appellee, a building contractor, entered into a written contract with appellant, for the construction of a two story and basement building, in accordance with plans and specifications made by A. G. Lunn, architect, for which Theis was to receive the sum of $9,550 when the work should·be completed to the satisfaction of the architect.    The contract in terms provided that no charges for extras should be made unless such extras were ordered by appellant in writing, and, further, that Svoboda might "make all altera-

tions by adding, omitting and deviating from the aforesaid plans, drawings and specifications or either of them, which he shall deem proper, and the said architect shall advise, without impairing the validity of this contract, and in all such cases the architect shall value or appraise such alterations.''

The declaration consisted of the common counts with an affidavit of merits, and a bill of particulars was filed specifying the extra work and material charged for,— the items aggregating $316.32.

Appellant's contention in the court below and here is that appellee cannot recover upon the common counts, but must declare specially, and must, also, produce the certificate of the architect as to the value of the so-called extras, or satisfactorily account for its non-production; that the labor and material sued for is a part of the labor and material included within the written contract.

Appellee claimed that the building was fully completed and had been paid for under the written contract, and that the extras sued for were ordered by Svoboda in person from time to time, and that at such times he promised to pay therefor; that when appellant made his final payment for the building, under the written contract, appellee demanded payment for the extras, and that appellant then, and at various other times subsequently, promised to pay for them.

The contention of appellant that appellee could not recover under the common counts, but must declare specially, cannot be sustained. On the contrary, the Supreme Court has directly held, that as long as the contract is executory, it must be declared upon specially, but when it has been fully performed, and nothing remains to be done but payment of the compensation, plaintiff may declare generally, in assumpsit. Foster v. McKeown, 192 Ill. 339.

It is the law in this State that these building contracts are to be construed liberally, and that a literal

compliance with their terms is not necessary to entitle a recovery, but a substantial performance in good faith is sufficient.

We think the law of this State fully authorizes a recovery for extras furnished under a verbal contract, wherein the owner agrees to pay therefor. Notwithstanding the original written contract provides that all extras must be ordered in writing, the owner may waive this condition, and by himself ordering the extras, become liable, by his own acts, to pay therefor.

In this case, the extras ordered were not limited to such as he, Svoboda, "shall deem proper, *and the said architect shall advise*," and accordingly, there was no necessity that the architect should "value" them, or "appraise" their value. The owner himself dealt directly with the architect with respect thereto, and, by his conduct, took them out of the provisions of the contract.

We think the court was right in refusing to grant peremptory instruction to find in favor of the defendant: "If there is evidence in the record at the close of plaintiff's case tending to prove the facts in support of his declaration, or at the close of all the testimony, if the evidence, with all the inferences which the jury can justifiably draw from it, is sufficient to support a verdict, then in each of such cases the peremptory instruction should be refused and the jury be given the case." Foster v. Wadsworth-Howland Co., 168 Ill. 514.

We have examined all the instructions given on behalf of appellee, and do not find any reversible error therein. Appellant appears to have misconceived, throughout the trial, the legal position of appellee, which was, that he was not suing to recover under the written contract, and that the contract was offered in evidence only for the purpose of showing that the work charged for was not included within its terms.

We have also carefully considered all the testimony

heard upon the trial, and while the proof on behalf of appellee, as to some items, is somewhat unsatisfactory, we cannot say that the evidence as a whole does not fully warrant the verdict.

Appellant made his defense largely upon his denial that he had ordered the articles charged for; and his insistence that appellee could not recover under the common counts, and without the certificate of the architect as to the appraised value of the alterations, and in the main made little attempt to controvert the correctness of the individual items charged.

The fact that the bill of particulars covered items aggregating $316.32, and that the bill furnished to appellant was for $13 less, does not, in our opinion, constitute such a discrepancy as affords any substantial ground for complaint; especially so, since the verdict and judgment is for less than either of the amounts named.

Finding no reversible error, the judgment will be affirmed.

*Judgment affirmed.*