[No. 15357.   Department One.   August 26, 1919.]

## QUIGG CONSTRUCTION COMPANY, *Appellant*, v. CHELAN COUNTY, *Respondent*.[1]

HIGHWAYS (33) — CONTRACT—CHANGE—EXTRA WORK—EVIDENCE—
SUFFICIENCY.  Only upon the clearest and most satisfactory evidence,
if at all, could there be any estoppel on the. part of a county to
invoke the clause of a contract for road work which provided, pur-
suant to Rem. Code, § 5879-9, that no payment shall be made for
extra work unless authorized by the county commissioners and ap-
proved by the state highway commissioner.

SAME (33)—EXTRA WORK—QUANTUM MERUIT.  An action on *quan-
tum meruit* for extras cannot be maintained where a county road
contract had at no time been rescinded or modified and it spe-
cifically covered the manner in which extras could be allowed.

SAME (33).  Compensation for extra yardage removed at places
where the alignment was changed cannot be recovered on proof of
the difference between the preliminary estimates and the total
yardage removed including "overbreakage," where, under the con-
tract, no allowance was to be made for overbreakage and there
was no evidence to show the extra amount removed at the places
where the road was changed.

Appeal from a judgment of the superior court for
Chelan county, Truax, J., entered August 3, 1918, upon
findings in favor of the defendant, in an action on
contract, tried to the court.  Affirmed.

*Crollard & Steiner* and *Reeves & Reeves,* for appel-
lant.

*W. E. Whitney* and *Peters & Powell,* for respondent.

MAIN, J. — This action is based upon a claim for
extras alleged to have been earned in the performance
of a road contract.  The cause was tried to the court
without a jury, and resulted in findings of fact, con-
clusions of law and judgment denying a recovery.
From this judgment, the plaintiff appeals.

[1]Reported in 184 Pac. 331.

On the 26th day of July, 1915, the respondent contracted with the appellant for the building of a road approximately one mile in length along the shore of Lake Chelan. This road is known as permanent highway No. 7, and the contract was made under and pursuant to §§ 5879-1 to 5879-10, Remington's Code. The contract was for a lump sum of $16,000, which has been paid. The road was to be constructed along the side of a high hill and much of it was to be blasted out of solid rock. The contract provided that no payment should be made for any extra work outside of that embraced in the plans, specifications and estimate, nor should there be any alterations made during the progress of the work "unless the same shall be authorized by the board by resolution and said resolution approved by the state highway commissioner, and ordered in writing by the engineer."

The statute under and pursuant to which the contract was made and which is referred to therein, among other things, provides:

"No payment shall be made for any incidental changes during the progress of the work, unless the same shall have been approved by the board of county commissioners by resolution, and a copy of said resolution shall have been transmitted to the state highway commissioner." Rem. Code, § 5879-9.

The provisions of the contract and the statute, requiring that charges for extras during the progress of the work shall not be allowed unless approved by the board of commissioners by "resolution" and a copy of said resolution be transmitted to the state. highway commissioner, was not complied with. No resolution of the board authorizing or approving the extras was ever passed. Notwithstanding this fact, the appellant brings this action for the purpose of recovering approximately the sum of $25,000 for extras

claimed to have been earned during the progress of the work. As the work proceeded, one item of extra work for the sum of $1,309 was approved by the board, by resolution, and subsequently paid. Over this item there is no controversy here.

The lump sum contract price for the work, as above stated, was $16,000. The contract apparently is the usual contract in such cases, and provided that the work should be done in accordance with the plans and specifications, which became a part of the contract. The appellant claims that the respondent is estopped from invoking the provisions of the contract and the statute referred to. During the progress of the work, the engineer representing the county, as he testifies, found that the road in certain places could not be built according to the plans and specifications because it would not hold, and called this fact to the attention of the commissioners. The commissioners, or one of them in the presence of the others, informally replied that it was up to the engineer to build the road.

For the purpose of this opinion only, it will be assumed, but not decided, that the commissioners might be guilty of conduct which would estop the respondent from invoking the contract and the statutory provisions to the effect that no extras should be allowed unless the same were approved by the board of county commissioners by resolution and a copy of the resolution transmitted to the highway commissioner. If there could be such estoppel, it could only be upon proof of the clearest and most satisfactory kind. *Brown v. Winehill*, 3 Wash. 524, 28 Pac. 1037; *James Reilly Repair & Supply Co. v. Smith*, 177 Fed. 168. The evidence in this case is not of that clear and satisfactory character which would bring it within the rule. The statute was enacted for a purpose and it cannot be lightly avoided, if at all.

The appellant attempted to bring the action upon the contract and, also, upon *quantum meruit.* The contract had at no time been rescinded or modified and specifically covered the manner in which extras could be allowed. In such a case, an action on the *quantum meruit* for extras cannot be maintained. The rule upon this question, as stated in *Hawkins v. United States,* 96 U. S. 689, is:

"That, if there be an express written contract between the parties, the plaintiff in an action to recover for work and labor done, or for money paid, must declare upon the written agreement so long as the special agreement remains in force and unrescinded, as he cannot recover under such circumstances upon a *quantum meruit.*"

The case of *Green v. Okanogan County,* 60 Wash. 309, 111 Pac. 226, 114 Pac. 457, has no application because in that case there was no express contract. The contract which the parties attempted to make was void because of failure to comply with the statutory requirements.

There is another reason why the appellant cannot prevail in this cause. The changes made in the highway, after the work was begun, consisted in causing the work to be moved farther into the hill in two or three places, the aggregate distance of which was from 300 to 600 feet. According to the contract, the slope left by the excavating in solid rock was to be one-fourth of a foot horizontal to one foot perpendicular, and no allowance for excavations outside the limit of such slope was to be made unless by special order of the engineer. Any excavation beyond this specified slope was what is referred to as overbreakage. In other words, overbreakage is the amount of material taken from the inside bank outside of the standard slope, as specified in the specifications. The trial court

found that no measurement or estimate was ever made by the engineer of the number of yards of rock or other material which the appellant was required to excavate or move, or did excavate or move, by reason of any changes in, or alterations of, the plans and specifications. The changes, as above mentioned, consisted in setting the road farther into the hill in two or three places. The evidence does not show the extra amount of material that it was necessary to move by reason of these changes. If we understand the evidence correctly, it takes the total amount of yardage removed, including the overbreakage, for the entire length of the road and deducts from this the preliminary estimate, and thus arrives at a balance for extra yardage. Under the contract and specifications, no allowance was to be made for the overbreakage. Since the evidence does not show the amount of extra yardage removed at the places where the alignment of the highway was changed, and includes items for which no recovery can be had, there is no evidence in this case which would furnish a basis for estimating the damages. The finding of the trial court on this question was right and should be sustained.

It is claimed, however, that the engineer made a final estimate of the amount of extras and submitted it to the board of commissioners, and that, therefore, the respondent is bound thereby. The engineer made a number of so-called final estimates the last of which, which is here referred to, was made after the engineer realized that the matter of extras would be litigated, and after the engineer had discussed the matter with the county attorney, the commissioners and the appellant. The trial court found, referring to the last final estimate, that it was made by the engineer "both arbitrarily and by mistake, and the same is wholly false."

Under the evidence, no other finding could properly be made.

Assuming, as we have, for the purpose of this decision only, that the appellant had made a case which would justify the consideration of the merits, it cannot prevail upon the evidence offered. The view we take of the case, as above indicated, renders it unnecessary to consider the other points discussed in the briefs or to review the numerous authorities therein cited.

The judgment will be affirmed.

HOLCOMB, C. J., MACKINTOSH, TOLMAN, and MITCHELL, JJ., concur.