FLANDERS v. COX

(November 17, 1930.   Opinion and Decree.)
(December 1, 1930.   Rehearing Refused.)

Deutsch & Kerrigan and Bert Flanders, Jr., of New Orleans, attorneys for plaintiff, appellant.

Cahn & Cahn, of New Orleans, attorneys for defendant, appelleee.

JANVIER, J.  Plaintiff, an owner of real estate, sues a former tenant for the al-

leged value of certain wall material which was in the premises at the commencement of the lease, but which, it is alleged, was missing at its termination. He also claims what he says is the replacement value of a certain toilet bowl, which he charges was broken during the existence of the lease.

As to the broken toilet bowl, the defense is that it was not broken while the lease was in existence, but after its termination and by employees of the plaintiff, who were engaged in cleaning up the premises. This contention seems to be borne out by the evidence and we will dispose of that item without more ado.

The defense as to the wall material claimed to have been taken from the premises is that it was necessary to rearrange the more or less temporary walls within the premises and to enclose the elevator shaft; that permission was given to the defendant to use so much of the material as he might find necessary for this purpose, and that it was understood that he was not to be called upon to return any of the material which might thereafter be missing.

Plaintiff contends that evidence as to the verbal understandings which may have been reached prior to the execution of the written lease should not be considered because, under "the parol evidence rule" there is a presumption that "when the parties to a contract have reduced their negotiations to a complete and perfect written instrument, all prior and contemporaneous oral agreements pertaining to it are, as a general rule, conclusively presumed to have been merged in the document; and evidence of such prior and contemporaneous oral agreements is inadmissible." Hughes on Evidence, 3rd ed., p.

238; Graham v. Sadlier, 165 Ill. 95, 98, 46 N. E. 221.

The parol evidence rule will not help plaintiff's case because, whatever may have been the prior verbal agreement between the parties, plaintiff concedes that there was a subsequent agreement entered into to the effect that so much of the material as might be necessary might be used in rearranging the premises, and the conclusion to which we have come makes it unnecessary for us to determine whether that understanding included a donation by the landlord to the tenant of so much of the material as might not be used. There can no longer be any doubt that a verbal understanding entered into subsequent to the execution of a written lease may be proved by parol. Fossier v. Knight Motors Co., Inc., 13 La. App. 11, 127 So. 87; Harvey v Mouncou, 3 La. App. 231; Wigmore, vol. 5, verbo Parol Evidence Rule, page 330.

A careful study of the record convinces us that all, or substantially all, of the material in question was used for the purpose of rearranging the interior of the premises and for the purpose of enclosing the elevator shaft. The lease was in existence more than three years. During that time there seem to have been three fires immediately adjacent to the premises in question. The walls which were in the first instance more or less temporary and composed of used material were taken down and demolished and the material used over and over again and, under these circumstances, it is not surprising that some of the material cannot now be found. We believe that all, or substantially all, of the material has been accounted for.

The judgment appealed from is, therefore, affirmed.