145 So. 671

**McGHEE et al. v. SHARPE et al.**

**In re TULANE AVENUE BAPTIST CHURCH.**

No. 32143.

Jan. 3, 1933.

Clarence E. Strauch and M. R. Woulfe, both of New Orleans, for relators.

W. H. Talbot, of New Orleans, for respondents.

OVERTON, J.

On October 26, 1932, plaintiffs applied to the civil district court for the parish of Orleans for an injunction to prohibit Rev. James A. Sharpe from acting as pastor of the Tulane Avenue Baptist Church and from representing the church in any capacity whatsoever, and to prohibit certain members of the governing board and officers of the church from assisting and aiding the Rev. Sharpe in attempting to act as pastor.

The petition for the injunction rests upon the grounds that the pastorate of the church was declared vacant by a vote of the congregation, the effect of which was to unseat Rev. Sharpe as pastor, and that, notwithstanding this action, Sharpe, with the assistance of the remaining defendants, is attempting to occupy the pulpit.

The trial judge, upon this application, granted a rule, without a restraining order, directing the defendants to show cause why a preliminary injunction should not issue. The court, after hearing the rule, refused to issue the injunction, due to the failure to give Sharpe sufficient notice of the charges leading to his dismissal, prior to taking a vote of the congregation thereon.

Plaintiffs, having failed to obtain an injunction for the foregoing reason, filed an amended petition, alleging the holding of another meeting, which resulted in the dismissal of Sharpe as pastor, and prayed for the issuance of an injunction as in the first instance. A rule to show cause, without a restraining order, was issued on the amended petition.

In the meantime the church itself, through its alleged officers, instituted a suit entitled "Tulane. Baptist Church v. W. H. Jones et al.," in the civil district court for the parish of Orleans, in which it is alleged that the plaintiffs and others are interfering with worship in the church, although they are no longer members of it, and in which there is a prayer for a temporary restraining order and, in due course, for a preliminary injunction and for the perpetuation of the same, prohibiting W. H. Jones and his codefendants from interfering with the management of the church and from entering it and annoying its officers or the Rev. Sharpe, its pastor. A restraining order was issued, as prayed for, on this petition, and also a rule to show cause why the preliminary injunction sought should not issue.

Following the granting of this restraining order, McGhee and his copetitioners, in the suit in which a rule nisi issued on the amended petition, being the first suit mentioned herein, applied by motion, unsworn to, for a temporary restraining order, prohibiting Rev. Sharpe and all other parties from meeting or gathering in and about the church until the further orders of court, and praying that, until such time, the church be closed. The court granted the restraining order in accordance with the prayer of the petition and ordered the church closed until further orders.

The granting of this last order caused the Tulane Avenue Baptist Church to apply for the present writs. The contention of the church is that the granting of the restraining order and the closing of the church were improvident acts and have the effect of depriving the church of its property without due process of law. This court issued a rule nisi on the application made, and prohibited the trial judge from proceeding further in the case until the further orders of court.

The sole question, presently before us, is, Did the trial court act within the law in temporarily restraining Rev. Sharpe and all others from entering the church or holding meetings around it, and in ordering the church closed?

It appears to us that the trial court was in error in granting this order. There is unmistakably a heated controversy among the members of the church, touching the right of the Rev. Sharpe to continue as pastor of it, re-

sulting apparently from differences of opinion as to whether the pastorate has been declared vacant or has been legally so declared. When this controversy arose and when the order, now before us, was granted, Sharpe was in possession of the church, as pastor. Being in possession, he should not be ousted by means of a restraining order. His right to serve as pastor may be effectively determined on the trial of the rule nisi and of the merits of this case, which includes, by consolidation below, the case of the Tulane Avenue Baptist Church v. W. H. Jones et al., mentioned above. These reasons dispose of the order closing the church.

For these reasons, the rule nisi that issued herein is made absolute, and accordingly the restraining order, prohibiting said Sharpe and all others from entering the church and the order closing the church are vacated, the case to be tried below on the rule nisi and, if necessary, on the merits, for which purpose it is remanded; respondents to pay the costs of this application.

O'NIELL, C. J., dissents.