153 So. 840

**McGHEE et al. v. SHARPE et al.**

**TULANE AVENUE BAPTIST CHURCH**

**v. JONES et al.**

No. 32567.

Feb. 26, 1934.

Rehearing Denied March 26, 1934.

Loys Charbonnet and E. B. Charbonnet, Jr., both of New Orleans, for appellants Jones and McGhee and others.

Clarence E. Strauch, of New Orleans, for appellees Sharpe and Tulane Avenue Baptist Church and others.

J. A. Woodville, of New Orleans, amicus curiæ.

ST. PAUL, Justice.

The course of these two consolidated cases is stated generally in 176 La. 313, 145 So. 671, and 176 La. 317, 145 So. 672. In the first of these cases, Arthur McGhee, W. H. Jones, and others, as members of the Tulane Avenue Baptist Church (colored), seek to enjoin the Reverend James A. Sharpe from acting any longer as pastor of said church or holding or

calling any congregational meetings of said church, on the ground that he has been removed as pastor thereof and is therefore without further authority therein.

The second case is merely an outgrowth of the first, wherein the officers, trustees, and deacons of the church seek to enjoin the said W. H. Jones and Arthur McGhee and others associated with them from interfering with the orderly conduct of the affairs and religious services of said church by its officers and congregation.

### I.

In the first case the trial judge thought that the proceedings for the removal of the pastor, Rev. James A. Sharpe, had been irregular, and therefore refused to enjoin or restrain him from continuing to act as pastor of the church. In the second case, the trial judge found that W. H. Jones and Arthur McGhee and their associates had indulged in violent and disorderly conduct in and around the church, and accordingly enjoined and restrained them "from interfering with the orderly conduct of the spiritual and temporal affairs of the said Tulane Avenue Baptist Church, by the Pastor, Rev. James A. Sharpe, and officers, now encumbent and their successors, by singing (except as provided by Ritual) by clapping hands, or by crowding the entrance of the church so as to hinder the ingress thereto of the Rev. James A. Sharpe, Pastor, and other members, by assault or battery or threats thereof, and by other similar violent or disorderly behavior; but nothing in this judgment shall deprive any of said defendants of any right or privilege of membership in said church."

### II.

Such was the ruling of the trial judge, who sat in the case and heard testimony therein on many days extending over a period of several months, to wit, from November, 1932, to May, 1933.

We have read the evidence and carefully considered the case, and our conclusion is that his judgment is correct.

### III.

The facts in the case appear to be substantially these: Some members of the congregation became dissatisfied with their pastor during the summer of 1932 and asked him either to resign as pastor or call a meeting of the church members to consider whether he should continue as pastor of the church or whether his services should be dispensed with. The pastor declined to resign, but agreed to call a meeting of the church on Wednesday, October 26. On Sunday, October 16, owing to some confusion, the pastor failed to announce the meeting from the pulpit, whereupon one of the deacons announced the meeting for Wednesday, October 19, whereupon the pastor, who was then at the baptismal pool, immediately announced to the congregation that the meeting would be on Wednesday, October 26, and declared that the meeting announced by the deacon was irregular and too soon and would not be held then but would be held on Wednesday, October 26, as announced by him.

Nevertheless, on Wednesday, October 19, after a well-attended service had concluded and the congregation had dispersed, the deacon who had called the meeting for that evening and some fifty-odd adherents of his

returned to the church and held a meeting at which they voted to remove the pastor. The pastor paid no attention to these proceedings, but went ahead with his purpose to hold the meeting which he had called for one week later, to wit, for Wednesday, October 26, 1932.

But on that same day, Wednesday, October 26, 1932, McGhee and Jones and their associates filed their suit against the pastor for an injunction, and, though no restraining order had been granted therein, they appeared at the meeting and caused such disturbance therein that no proceedings could be had, so that the meeting adjourned.

Meanwhile, to wit, on Monday, November 7, 1932, the trial judge discharged the rule taken out by McGhee et al. and denied the injunction therein prayed for against the pastor, Rev. James A. Sharpe.

That same evening McGhee and Jones and others acting individually sent out written notices to the congregation calling for a meeting for Friday, November 11, to ratify the proceedings had on October 19, at which meeting some 200 members of the congregation appeared and all but a few voted to ratify the action taken at the meeting of Wednesday, October 19.

Without finding it necessary to stress the fact that many members of the congregation refused to attend the meeting of November 11 or that, of those present, a majority were either not registered members of the church, or were behind in their pledged dues, or had been dismissed from the church, or were under disciplinary charges, we are of opinion that the meetings of Wednesday, October 19,

and Friday, November 11, were wholly irregular. The charter of the church makes no provision for the calling of special meetings. It simply provides (article 6) that "Hiscock's Revised Directory for Baptist Churches shall be the Book of Government and Discipline for this Church." This Revised Directory itself contains nothing on the subject of calling meetings of the church. But the testimony of Rev. Shelton G. Posey, a (white) minister of the Baptist Church, of high standing in the community and wholly disinterested, is that, in Baptist Churches, the sole authority for calling special meetings is the pastor, if present, or, in his absence, the chairman of the board of deacons, and individual members have absolutely no authority to call special meetings, and, if no special meeting be called by the pastor or the chairman of the deacons, then the matter to be considered must await the regular business meeting of the church.

In this case there was no failure of the pastor to call the special meeting as requested. He did call it for Wednesday, October 26 (10 days from the call), and the act of the deacon calling the meeting for October 19 (one week in advance of the date fixed by the pastor) was wholly unauthorized and irregular.

Still more unauthorized and irregular was the call for the meeting of November 11, issued by individuals and wholly unauthorized by any authority in the congregation or any practice of the Baptist Church.

We are therefore of opinion that the district judge was correct in holding these two meetings irregular and unauthorized.

### IV.

As to the injunction taken out in the name of the church by its officers to preserve the peace and quiet of the church and to prevent violent and disorderly interference with its services and meetings, that was a mere corollary and consequence of the other proceeding. In a case of that sort there was no need for particular instruction from the congregation. It was the duty of the officers to preserve peace and quiet at religious services and orderly meetings of the church, and the provision of article third of the charter that the trustees shall act for the church in the general management of its *business affairs* "under instruction of the Church" has no application to a case of this nature, where the purpose is merely to preserve order and peace and quiet around the church.

#### Decree.

For the reason assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., absent.