## LANDIX v. TULANE AVENUE BAPTIST CHURCH.

### No. 14763.

Court of Appeal of Louisiana. Orleans.
June 28, 1934.

Clarence E. Strauch, of New Orleans, for appellant.

J. A. Woodville, of New Orleans, for appellee.

HIGGINS, Judge.

Plaintiff brought this action to recover the sum of $180 alleged to be due for one year's salary at the rate of $15 per month covering the period from April, 1932, to April, 1933. The petition alleges: "That your petitioner was employed by the said Tulane Avenue Baptist Church as a choir master at $15.00 per month, over four years ago, the employment being renewed each year; that they paid your petitioner regularly the $15.00 per month, but owe him for twelve months beginning April, 1932 and ending April, 1933; * * * and that he was always ready and willing to carry out his part of the contract and did carry it out to January, 1933, when he was prevented from continuing by the * * * members of the said Tulane Avenue Baptist Church."

Defendant filed exceptions of vagueness and no right or cause of action, and, in the alternative, reserving the benefit of them, filed its answer, at the same time, as required by the rules of the court, denying liability and averring that an injunction was obtained from the civil district court enjoining the plaintiff from creating disturbances in and near the church because of the unruly conduct of the plaintiff and his associates.

There was judgment in favor of the plaintiff for the sum of $120 covering the period from April to December, 1932, or eight months at $15 per month. There was further judgment nonsuiting plaintiff's claim for the remaining four months. Defendant has appealed, and plaintiff has answered the appeal, and asks that the judgment be amended by granting the full amount prayed for.

The evidence shows that plaintiff had been appointed as choirmaster of the church for a number of years, and that his salary had been gradually raised from $5 to $15 per month, which amount he had been receiving for the years 1928, 1929, 1930, 1931; that at the annual conference held in April, 1932, he was reappointed for an additional year, but nothing was said as to the amount of his salary; that at a joint meeting of the boards of trustees and stewards it was recommended that the salaries of the church clerk, organist, choirmaster, and pastor be reduced because of the small collections; that on June 1, 1932, at a special conference called by the pastor, the recommendations of the boards of stewards and trustees were placed before the meeting, and the plaintiff moved that the matter be tabled; that this motion was lost by a vote of 23 to 39; that it was then properly moved and seconded that the recommendations of the "joint board" be accepted; and that plaintiff objected and the minutes show that after "a heated discussion the moderator adjourned without acting on recommendation."

It appears that plaintiff and his followers

caused such a disturbance at this meeting that the pastor, as moderator, was forced to adjourn it without acting on the subject-matter. On July 27, 1932, there was another church conference held, and the plaintiff's services were dispensed with on the grounds of his misconduct.

The first question is whether or not the plaintiff had a yearly contract with the church which could not be abrogated during that period without cause.

In the testimony of Rev. Dr. Shelton Posey, an outstanding white Baptist minister in this community, whose evidence was accepted by the district and Supreme Courts in other litigation out of which the present suit grows, we find the following: "The Pulpit of the Church can be declared vacant at any time in a regular or specially called meeting on the authority of the church by a majority of the bona fide members of the church. He can be removed at any time. A Baptist Church must abide by the will of the majority, whether it involves the pastor or the chairman of the deacons or whoever it involves."

The plaintiff, a member of the congregation and church, admittedly wrote the following letter to the board of trustees on June 7, 1932: "I was duly elected Chorister of Tulane Ave. Baptist Church at a fixed salary by the Tulane Ave. Baptist Church, sitting in its annual conference in April, 1932. The Baptist Church and only the Church in an announced business meeting, is so empowered to make null and void these actions. This will inform you that I am the paid Chorister of Tulane Ave. Baptist Church until said changes are made by the Church in an announced business meeting."

Therefore it will be seen that the plaintiff places upon the church regulations the same interpretation as did Dr. Posey, and, consequently, we accept this as correct. Fossier v. Knight Motors Co., 13 La. App. 11, 127 So. 87.

It is our opinion that under the church law the church conference could dispense with the services of its paid officers and employees, who were members of the congregation, at any time without cause. In the instant case, however, the records of the civil district court and of the Supreme Court, which were offered in evidence, show that the plaintiff's conduct was provocative of trouble and disorder due to personal antagonism against the pastor of the church. For instance, he admits that, when the pastor was attempting to preach a sermon, he and the members of the choir, who were under his direction, continued to sing and refused to stop, and his conduct became so offensive that it was finally necessary to obtain an injunction to restrain him from disrupting the peaceful and orderly holding of the church services. See Arthur McGee v. Rev. James A. Sharpe et al. and Tulane Ave. Baptist Church v. Jones et al. (Consolidated), 179 La. 279, 153 So. 840; In re Tulane Avenue Baptist Church, 176 La. 313, 145 So. 671; Tulane Ave. Baptist Church v. Jones et al., 176 La. 317, 145 So. 672.

We conclude that the plaintiff is only entitled to a salary for the months of April, May, June, and July, or a total of $60.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is amended by reducing the amount awarded plaintiff from $120 to the sum of $60.

The judgment is further amended by dismissing the remainder of plaintiff's claim; the costs of the appeal to be paid by plaintiff and the costs of the lower court to be paid by defendant.

Amended and affirmed.